IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KURTIS DOMAINE JONES,

                Plaintiff,

v.

CHRISTOPHER REYNOLDS, DERRICK WALKER, SHANE ANDERSON, TERRIE VANN-WARD, BENJAMIN JENNINGS, MEGHAN KELLNER, KYLE KELLER, ISAAC BRYAND, TIMOTHY SANDERS, and S. BORTZ-RODRIGUEZ,

                Defendants.

OPINION and ORDER

21-cv-5-jdp

---

Pro se plaintiff and prisoner Kurtis Domaine Jones is proceeding on claims about events that occurred at the Dane County jail between July and September 2018, mostly relating to Jones's attempts to harm himself. Two motions for summary judgment on the issue of exhaustion are before the court, one filed by defendant Terrie Vann-Ward and the other filed by the remaining defendants. Dkt. 45 and Dkt. 51. Defendants have shown that Jones didn't properly complete the grievance process for any of his claims, so I will grant defendants' motions.

Jones has filed two of his own motions as well: (1) a "motion to compel, strike, and sanction defendants" for failing to comply with discovery requests, Dkt. 54; and (2) a motion for leave to depose two witnesses, Dkt. 68. But the discovery Jones is seeking can't help him show that he exhausted his administrative remedies, so I will deny his motions as moot.

ANALYSIS

A person confined in a prison or jail may not bring a federal claim about his conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This means that a prisoner must follow all the facility's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to comply with § 1997e(a), the court must dismiss any unexhausted claims without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants contend that Jones failed to comply with the jail grievance process for any of his 10 claims:

1) On July 23, 2018, defendant Terrie Vann-Ward prescribed Jones medication that she knew was ineffective.

2) On July 23, 2018, defendant Derrick Walker refused to seek medical treatment for Jones after he broke his hand by punching the wall.

3) On July 23, 2018, Walker refused to take reasonable action after Jones told Walker that he was going to cut himself, resulting in Jones using a piece of metal to cut a vein in his arm.

4) On July 23, 2018, defendant Benjamin Jennings refused to take reasonable action after Jones told him that he was going to cut himself while being housed in an observation cell, resulting in Jones cutting his inner elbow and being hospitalized.

5) On August 8, 2018, defendant Meghan Kellner allowed Jones to keep a razor after Jones told her that he was going to use it to cut himself, resulting in Jones cutting his neck and being hospitalized.

6) On August 8, 2018, defendants Kyle Keller and Isaac Bryand failed to take reasonable action when Jones told them that he was "determined" to kill himself, allowing him to cut his neck and wrist with a razor he had hid in his mouth.

2

7) On August 8, 2018, defendant Timothy Sanders failed to take reasonable action when Jones told him that he was "getting ready" to kill himself, resulting in Jones cutting his arm and being hospitalized.

8) On August 9, 2018, defendant S. Bortz-Rodriguez failed to take reasonable action when Jones told her that he was "feeling suicidal" and was going to "cut [his] head off," resulting in Jones cutting his neck and arm.

9) On August 14, 2018, after Jones swallowed a razor blade, defendants Chris Reynolds and Shane Anderson tricked Jones into drinking magnesium citrate, causing him severe pain and nausea.

10) On August 14, 2018, Reynolds and Anderson failed to take reasonable action when Jones told them that he was going to "slice [his] veins" and "kill [him]self," resulting in Jones cutting his arm.

Dkt. 43, at 4–5.

Dane County jail rules allow a detainee to file a grievance about "personal health and welfare, operations, conditions or service of the jail." Dkt. 47-1, at 5. If a detainee is dissatisfied with the decision on his grievance, he may file an administrative appeal. *Id.* at 4. Section 1997e(a) requires detainees to follow all the facility's rules for seeking an administrative remedy, including filing an administrative appeal. *See Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005).

Defendants contend that Jones failed to comply with the jail's rules because he didn't file any grievance for some of his claims (claims 1), 2), and 10) above), and he failed to file an administrative appeal for the remaining claims (claims 3) through 9) above). Defendants submit all the grievance materials that they say he did file, along with a declaration from a records custodian who says that he didn't file any others. *See* Dkt. 47. Jones doesn't dispute defendants' evidence, and he doesn't allege that defendants overlooked a grievance or an appeal. Instead, he says that the grievance process was unavailable to him because he was in observation status during the relevant time, so he didn't have access to writing materials. He

3

also says that detainees in observation don't receive responses to grievances, so he didn't know that there was decision that could be appealed.

Jones's argument fails. As for the claims that he didn't grieve at all, he doesn't actually allege that he was unable to submit a grievance. Although he says that he didn't have writing materials, he also says that officers are required to assist detainees in that situation by writing the grievance for the detainee. Dkt. 56, at 1. And it's clear that Jones *did* submit grievances either on his own or with the help of jail staff because he submitted several grievances about events that occurred around the same time as events that he didn't grieve.

For example, on August 5, 2018, Jones filed a grievance about incidents of self-harm between July 23 and July 28, which relate to claims 3) and 4) above. Dkt. 47-2, at 13. But Jones didn't file a grievance about Vann-Ward giving him ineffective medication or Walker refusing to provide medical treatment on July 23, which are the basis for claims 1) and 2). Jones also filed a grievance on August 23 about being tricked into drinking magnesium citrate on August 10, which relates to claim 9). *Id.* at 15.[1] But he didn't file a grievance about an August 14 incident of self-harm, which relates to claim 10). And Jones doesn't allege that jail staff refused a request to help him with the unfiled grievances. So he hasn't exhausted the claims that Vann-Ward prescribed medication that he knew was ineffective, that Walker refused to give him medical treatment for his injured hand, and that Reynolds and Anderson failed to prevent the August 14 incident of self-harm.

As for the claims that Jones grieved but didn't appeal, Jones says that he didn't receive responses to grievances while he was in observation status, so he didn't know that he could file

---

[1] Jones now alleges that this incident occurred on August 14. *See* Dkt. 1, ¶ 19.

an appeal until it was too late. Even if that is true, the jail grievance policy instructs detainees what to do in that situation: if the detainee doesn't receive an acknowledgement of his grievance within 10 days, the detainee may treat the failure to respond as a denial of the grievance and then appeal the denial. Dkt. 64, at 3–4. Jones doesn't allege that he was unaware of the jail grievance policy, so his failure to file administrative appeals means that he didn't exhaust his other claims either.

In an uninvited sur-reply brief, Jones raises multiple new arguments. Even if Jones hadn't forfeited those arguments by failing to raise them in his opposition brief, they would all fail.

First, Jones points to a grievance that he filed on July 26 about "not being prescribed any meds." Dkt. 47-2, at 11. Jones says that the staff member who prepared the grievance did not include "the full account" of what Jones told staff to write. Dkt. 65, at 2. But Jones doesn't allege that the missing information would encompass of any of the claims in this case, so this allegation is irrelevant.

Second, Jones says that an officer told him that his claim about being tricked into drinking magnesium nitrate was "not grievable." *Id.* Misinformation about the grievance process can make an administrative remedy unavailable, *see Thomas v. Reese*, 787 F.3d 845, 847–48 (7th Cir. 2015), but that doesn't help Jones here because Jones *did* grieve the issue, *see* Dkt. 47-2, at 15. Jones doesn't allege that he decided not to appeal the grievance because of bad advice from a staff member, so he didn't exhaust his claim about receiving magnesium citrate.

Third, Jones says that jail staff violated the grievance policy by assigning one of his grievances to the same officer that the grievance was about. If there was a conflict of interest,

5

that might call into question a decision on the grievance, but it wouldn't provide a ground for Jones's failing to appeal the denial of the grievance. If anything, a conflict would provide an additional ground for appeal.

The bottom line is that Jones didn't complete the grievance process for any of his claims, despite an ability to do so. So Jones has failed to exhaust his administrative remedies, and I will grant defendants' summary judgment motions.

ORDER

IT IS ORDERED that:

1. Defendants' motions for summary judgment for plaintiff Kurtis Jones's failure to exhaust his administrative remedies, Dkt. 45 and Dkt. 51, are GRANTED.

2. Jones's discovery motions, Dkt. 54 and Dkt. 68, are DENIED as moot.

3. This case is DISMISSED without prejudice. The clerk of court is directed to enter judgment and close this case.

Entered April 14, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge